The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on June 3, 2013, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: June 3, 2013**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

In re:                                ) Case No. 12-16420
                                      )
RICHARD MASON WARNS,                  ) Chapter 11
                                      )
   Debtor.                            ) Judge Arthur I. Harris
                                      )

MEMORANDUM OF OPINION[1]

This matter is currently before the Court on the motion of U.S. Bank, National Association ("the Bank") for relief from the automatic stay (Docket #68), and the debtor's objection (Docket #73). At issue is whether Ohio law impressed the property in dispute with a constructive trust prior to the debtor filing his bankruptcy petition. For the reasons that follow, the Court determines that the circumstances in this case do not warrant recognizing that the property in dispute was impressed with a constructive trust prior to the debtor filing his bankruptcy petition, and denies the Bank's motion for relief from the automatic stay.

---

[1] This opinion is not intended for official publication.

JURISDICTION

A motion for relief from the automatic stay is a core proceeding under 28 U.S.C. § 157(b)(2)(G). This Court has jurisdiction over core proceedings pursuant to 28 U.S.C. §§ 157(a) and 1334 and Local General Order 2012-7 of the United States District Court for the Northern District of Ohio.

PROCEDURAL HISTORY AND BACKGROUND

Prior to filing his bankruptcy petition, the debtor was the sole and managing member of Velvet Touch Auto Wash, LLC ("Velvet Touch"). Velvet Touch owned real estate ("real property") and other assets, such as inventory, equipment, and various intangible assets ("other assets"), that it used to operate a car wash business. In 2007, Velvet Touch executed several loan documents with the Bank, and granted the Bank a security interest in all of its assets. The debtor personally guaranteed repayment of both notes that Velvet Touch made.

In 2008, Velvet Touch defaulted on its loans from the Bank. On June 21, 2011, the Bank commenced an action in state court against Velvet Touch and the debtor. The state court entered judgment in favor of the Bank, and scheduled a foreclosure sale for September 24, 2012. On June 20, 2012, Velvet Touch transferred its real property, subject to the Bank's lien, to the debtor for $10. On June 28, 2012, Velvet Touch filed its certificate of dissolution with

the Ohio Secretary of State. Two days later, Velvet Touch sold its other assets, subject to the Bank's lien, to the debtor for the debtor's agreement to assume all liabilities of Velvet Touch and for $100.

On August 31, 2012, two weeks before the scheduled foreclosure sale, the debtor filed a voluntary petition for bankruptcy under Chapter 13. In his bankruptcy schedules, the debtor listed the real property and other assets that he acquired from Velvet Touch. On January 7, 2013, the case was converted to Chapter 11. On February 8, 2013, the Bank filed a motion for relief from the automatic stay, which the Bank titled as a precautionary motion. The Bank asserted that the real property and other assets are not part of the debtor's bankruptcy estate, and the debtor objected. On March 5, 2013, the Court heard argument by the Bank and the debtor on whether the real property and other assets are property of the debtor's bankruptcy estate. Following the hearing, the parties filed supplemental briefs, and the Court took the matter under advisement.

## DISCUSSION

The Bank asserts that the property transferred by Velvet Touch to the debtor should be held in an equitable trust for its benefit, apart from the debtor's bankruptcy estate, because the transfer violated Ohio statutes governing the wind up of a dissolved limited liability company. "The bankruptcy estate comprises all

3

12-16420-aih    Doc 91    FILED 06/03/13    ENTERED 06/04/13 13:13:43    Page 3 of 13

legal or equitable interests of the debtor, unless specifically excepted by the Code, as of the commencement of the bankruptcy case." *Kitchen v. Boyd* (*In re Newpower*), 233 F.3d 922, 934 (6th Cir. 2000) (citing 11 U.S.C. § 541(a)). "However, '[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, . . . becomes property of the estate . . . *only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.*' " *In re Newpower*, 233 F.3d at 934-35 (quoting 11 U.S.C. § 541(d)). "Unless a countervailing federal interest exists, state law determines whether a debtor has a property interest for purposes of § 541(a)(1)." *In re Newpower*, 233 F.3d at 928 (citing *Butner v. United States*, 440 U.S. 48, 99 S. Ct. 914 (1979)).

Under Ohio law,

> equitable trusts are commonly divided into two categories—resulting trusts and constructive trusts:
>
>> A resulting trust arises where property is transferred under circumstances that raise an inference that the transferor, or person who caused the transfer, did not intend the transferee to take a beneficial interest in the property. [citation omitted.] By employing its equitable powers in creating a resulting trust, a court seeks to enforce the parties' intentions.
>>
>> A constructive trust is a trust created by operation of law against the holder of a legal right to property which that person should not, in equity and good conscience, hold

4

> or enjoy; it is a relationship associated with property subjecting the title holder to an equitable duty to convey it to another because otherwise the title holder would be unjustly enriched.

*In re Bushey*, 210 B.R. 95, 104 (B.A.P. 6th Cir. 1997) (citations omitted).

The type of equitable trust that the Bank argues was created, when Velvet Touch transferred the property to the debtor, appears to be a constructive trust. The Sixth Circuit has been clear that section 541(d) "does not authorize bankruptcy courts to recognize a constructive trust based on a creditor's claim of entitlement to one; rather, section 541(d) only operates to the extent that state law has impressed property with a constructive trust prior to its entry into bankruptcy." *In re Morris*, 260 F.3d at 666. Therefore, the issue for the Court to determine is whether the real property and other assets were impressed with a constructive trust pursuant to Ohio law prior to the debtor filing his bankruptcy petition.

The Sixth Circuit has previously used the following definition of a constructive trust by the Ohio Supreme Court:

> A trust by operation of law which arises contrary to intention and in invitum, against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy. It is raised by equity to satisfy the demands of justice.

*In re Morris*, 260 F.3d at 667 (quoting *Ferguson v. Owens*, 9 Ohio St.3d 223, 459 N.E.2d 1293, 1295 (Ohio 1984)). "Under this definition, a constructive trust is a remedy used by courts for the prevention of fraud, unjust enrichment, or other inequitable conduct." *In re Morris*, 260 F.3d at 667 (citing *Peterson v. Teodosio*, 34 Ohio St.2d 161, 297 N.E.2d 113, 120 (Ohio 1973)).

"Further, the Ohio Supreme Court has counseled the imposition of a constructive trust 'where it is against the principles of equity that the property be retained by a certain person even though the property was acquired without fraud.' " *In re Morris*, 260 F.3d at 667 (quoting *Ferguson*, 459 N.E.2d at 1295). "A constructive trust is, in the main, an appropriate remedy against unjust enrichment." *Ferguson*, 459 N.E.2d at 1295. "Accordingly, every wrongful acquisition or holding of property will not give rise to a constructive trust." *In re Morris*, 260 F.3d at 667. "Where an equitable duty to convey property exists, it is not necessary for a court to impress a constructive trust by decree." *Id.* (citation omitted). "Rather, in Ohio it attaches by operation of law." *Id.* (citations omitted). However, " '[t]here must be some specific legal principle or situation which equity has established or recognized to bring a case within the scope of the doctrine." *Id.* (quoting *Croston v. Croston*, 18 Ohio App. 2d 159, 164, 247 N.E.2d 765, 768 (Ohio Ct. App. 1969)).

In *Omegas Group*, the Sixth Circuit adopted the generally restrictive approach that "section 541(d) only operates to the extent that state law has impressed property with a constructive trust prior to its entry into bankruptcy." *In re Omegas Group, Inc.*, 16 F.3d 1443, 1451 (6th Cir. 1994). Since deciding *Omegas Group*, the Sixth Circuit has found that it may be appropriate, when certain circumstances are present, to recognize postpetition that a constructive trust arose prepetition under state law. In *McCafferty*, the Sixth Circuit determined "whether the pre-petition Ohio divorce order gave rise to a constructive trust according to Ohio law." *McCafferty v. McCafferty* (*In re McCafferty*), 96 F.3d 192, 197 (6th Cir. 1996) (citation omitted). The Sixth Circuit "recognized that imposition of a constructive trust might be appropriate when property in bankruptcy was not subject to distribution to creditors and so did not implicate the rationale of ratable distribution." *In re Morris*, 260 F.3d at 666 (citing *In re McCafferty*, 96 F.3d at 196-97).

In *Newpower*, the Sixth Circuit decided that creditors who initiated a state court action prepetition may have the automatic stay lifted "to continue their action and seek whatever remedy is available to them, including the remedy of a constructive trust." *In re Newpower*, 233 F.3d at 937. The Sixth Circuit further clarified that it expresses "no opinion on whether, in the event the [creditors] were

7

12-16420-aih    Doc 91    FILED 06/03/13    ENTERED 06/04/13 13:13:43    Page 7 of 13

successful in obtaining such a judgment [imposing a constructive trust], it would have an effective date prior to the filing of the bankruptcy petition—a matter that is governed by state law." *Id*. In *Morris*, the Sixth Circuit held that a constructive trust arose prepetition by operation of law where the state court decision determined that the creditor had a contract for conveyance of property, and under Ohio law, the contract was enforceable in equity. *In re Morris*, 260 F.3d at 668. Because of the availability of equitable relief, the debtor had a duty to convey the property. *Id*. The Sixth Circuit explained an additional circumstance that led to its decision:

> [A]nother fact convinces us that this case does not involve an ordinary equitable interest in a conveyance that might arise pursuant to a contract concerning real estate under Ohio law: the "contract" between the parties here is the order of a court. The interest of the Ohio judiciary in ensuring the efficacy of its judgments gives the settlement a heightened basis for equitable relief and calls for imposition of a constructive trust.

*Id*. at 668-69.

The Bank does not assert that any of the exceptional circumstances present in the Sixth Circuit cases which have determined when it might be appropriate to recognize a constructive trust postpetition are present here. Instead, the Bank argues that an equitable trust should be imposed in its favor because the debtor transferred the real property and other assets from Velvet Touch to himself in

8

violation of Ohio Revised Code § 1705.46. Ohio Revised Code § 1705.46 provides, in pertinent part:

> (A) Upon the winding up of a limited liability company and the liquidation of its assets, the assets shall be distributed in the following order:
> > (1) To the extent permitted by law, to members who are creditors and other creditors in satisfaction of liabilities of the company other than liabilities for distributions to members;
> > . . .
> > (B) A limited liability company that is winding up its affairs and liquidating its assets shall pay or make reasonable provision to pay all claims and obligations, including all contingent, conditional, or unmatured claims and obligations that are known to the company and all claims and obligations that are known to the company but with respect to which the claimant or obligee is unknown. . . . If there are insufficient assets, the claims and obligations shall be paid or provided for according to their priority, and claims and obligations of equal priority shall be paid ratably to the extent of the assets available for their payment. Unless otherwise provided in the operating agreement, any remaining assets shall be distributed as provided in division (A) of this section.

O.R.C. § 1705.46. This statute, however, does not apply to this case with regard to the real property transferred by Velvet Touch to the debtor because Velvet Touch transferred the real property *before* filing for dissolution; therefore, Velvet Touch was not winding up its affairs when it transferred the real property. *See* O.R.C. § 1705.44 ("[M]embers of a *dissolved* limited liability company who have not wrongfully dissolved the company . . . may wind up the affairs of the company.") (emphasis added).

9

12-16420-aih    Doc 91    FILED 06/03/13    ENTERED 06/04/13 13:13:43    Page 9 of 13

Prior to filing for dissolution, Velvet Touch transferred the real property, subject to the Bank's lien, to the debtor for $10. There is no unjust enrichment present by the transfer of the real property because the Bank retained its lien on the property and, due to the Bank's lien, there was no equity in the property at the time of the transfer. As the Bank presents no other argument for recognizing a constructive trust postpetition with regard to the real property nor any argument that the automatic stay should be lifted under section 362(d), the Bank's motion for relief from the automatic stay with regard to the real property is denied.

Unlike the transfer of the real property, Velvet Touch transferred the other assets to the debtor two days after Velvet Touch filed its dissolution papers. The Court, however, does not need to decide whether the transfer violated Ohio Revised Code § 1705.46 because, even if a violation occurred, the circumstances in this case do not warrant recognizing a constructive trust postpetition. There is no unjust enrichment present by the transfer of the other assets because the debtor does not dispute that the Bank retained its lien on the assets and, due to the Bank's lien, there was no equity in the assets at the time of the transfer.

The case law cited by the Bank does not dictate that the other assets transferred to the debtor subject to the Bank's lien are excluded from the debtor's estate. While it is true that Ohio law gives creditors of a dissolved corporation a

10

right to sue the distributee of assets of the dissolved corporation for a claim accruing originally against the dissolved corporation, *see Kesselring Ford, Inc. v. Cann*, 427 N.E.2d 785, 787 (Ohio Ct. App. 1980), here the other assets were simply transferred, subject to the Bank's lien, to the debtor who remains personally obligated to the Bank for the same debt. The other assets subject to the Bank's lien have not been dissipated. Nor has there been any unjust enrichment to the debtor, whose liabilities to the Bank remain unchanged. And while the Ohio court in *Kesselring* did state that "the assets of a dissolved corporation are regarded as a trust fund from which claims against the corporation must be satisfied," *id.*, the specific circumstances of the present case are such that no constructive trust has been created that would keep the other assets from becoming part of the debtor's estate or would give the Bank an interest in the other assets above and beyond its existing lien.

*In re Jorgensen*, No. 11-20046, 2011 WL 6000871 (Bankr. D. Wyo. Nov. 30, 2011), another case cited by the Bank, can also be distinguished. In *Jorgensen*, the Court held that the secured creditor did not violate the automatic stay when it took legal action against the debtors' limited liability company ("LLC") and its assets because the debtors never formally transferred the LLC's assets to themselves. The assets remained property of the LLC as opposed to

property of the debtors. In the present case, however, Velvet Touch's assets were formally transferred to the debtor before the debtor filed for bankruptcy.

The facts in this case do not amount to the exceptional circumstances present in the Sixth Circuit cases which have determined when it might be appropriate to recognize a constructive trust postpetition – *e.g.*, here, the property in dispute would be subject to distribution, there is no prepetition state court action with a possible remedy of a constructive trust, and there is no prepetition state court decision finding that the Bank had a contract for conveyance of property that would be enforceable in equity. As the Bank presents no other argument for recognizing a constructive trust postpetition with regard to the other assets nor any argument that the automatic stay should be lifted under section 362(d), the Bank's motion for relief from the automatic stay with regard to the other assets is also denied.

In denying the Bank's motion, the Court cautions the parties about the limited nature of this ruling. Whether cause exists for relief from the automatic stay on other grounds, such as lack of adequate protection or lack of a reasonable likelihood of a successful reorganization within a reasonable time, is not before the Court. Nor has the Court made any determination as to whether the debtor's recently-filed plan of reorganization has been proposed in good faith or met any

other requirements necessary for confirmation.

## CONCLUSION

For the foregoing reasons, the Court denies the Bank's motion for relief from the automatic stay.

IT IS SO ORDERED.